## MICHELE MARTIN *v.* STOP AND SHOP SUPERMARKET COMPANIES, INC.
### (AC 21287)

Schaller, Mihalakos and Flynn, Js.

Argued March 18—officially released June 4, 2002

*Edward L. Walsh*, for the appellant (plaintiff).

*Bryan L. LeClerc*, for the appellee (defendant).

### Opinion

FLYNN, J. In this premises liability action, the plaintiff, Michele Martin, appeals from the judgment of the trial court rendered in favor of the defendant, Stop and Shop Supermarket Companies, Inc. On appeal, the plaintiff claims that the trial court improperly (1) con-

cluded that she failed to prove that a defect existed and (2) failed to give proper weight to the defendant's answers to interrogatories. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. On July 7, 1997, the plaintiff fell and sustained injuries while exiting one of the defendant's stores in Hamden. She tripped on a mat located just inside the exit door. The plaintiff commenced this negligence action against the defendant, seeking damages for her injuries. In her complaint, she alleged that the defendant failed to correct the defective condition created by the unsecured mat even though the defendant knew or should have known of the condition. Following a trial to the court, the court rendered judgment in favor of the defendant. This appeal followed.

The plaintiff was a business invitee and, therefore, the defendant owed the plaintiff the duty to maintain its premises in a reasonably safe condition. *Gulycz* v. *Stop & Shop Cos.*, 29 Conn. App. 519, 521, 615 A.2d 1087, cert. denied, 224 Conn. 923, 618 A.2d 527 (1992). To hold the defendant liable for her personal injuries, the plaintiff must prove (1) the existence of a defect, (2) that the defendant knew or in the exercise of reasonable care should have known about the defect and (3) that such defect had "existed for such a length of time that the [defendant] should, in the exercise of reasonable care, have discovered it in time to remedy it." *Cruz* v. *Drezek*, 175 Conn. 230, 238–39, 397 A.2d 1335 (1978). It is within the province of the trier of fact to determine whether a defective condition existed. See id., 235.

There was evidence from both the defendant's manager and the plaintiff that the mat in question had a curl in it. The court found that this curl was not a defect. That finding as to the curl is not before us on appeal

because the plaintiff conceded in her brief and reply brief that she does not challenge that finding and, thus, we do not address it. However, the plaintiff does challenge the court's finding that "common sense dictates that mere use of movable floor mats in highly trafficked areas is not an unreasonably dangerous condition, and the court does not find it to have been so in this instance."

We first observe that the court, other than stating that common sense dictated this finding, did not cite to any of the evidence, including the interrogatory answers that disclosed prior falls. Moreover, the plaintiff did not request an articulation of the court's decision, and we cannot speculate on what predicate facts the court found to make its conclusion.[1]

Our standard of review of a trial court's factual findings is well established. "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence . . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Premier Capital, Inc.* v. *Grossman*, 68 Conn. App. 51, 59, 789 A.2d 565, cert. denied, 260 Conn. 917, 797 A.2d 514 (2002).

There was evidence that the plaintiff shopped in the same market before at a rate of two to three times

---

[1] The appellant bears the burden of furnishing this court with an adequate record on which to review the trial court's factual and legal determinations. Practice Book § 61-10. "It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . [or] to clarify the legal basis of a ruling . . . ." (Internal quotation marks omitted.) *Maloney* v. *PCRE, LLC*, 68 Conn. App. 727, 743–44, 793 A.2d 1118 (2002); see Practice Book § 66-5.

per week. She testified that she had exited from the pharmacy side of the store. She further testified that her foot was caught under the curl of the mat, but no evidence was presented that the curl occurred because of lack of tacking and she did not know how long the curl was there. She also could not recall the dimensions of the mat in length or width, the position of the mat when she fell or whether it was at an angle.

The court had before it all of the evidence, including the plaintiff's testimony and the incident reports from the defendant. Although evidence of prior incidents was admitted through the reports, the court, as the trier of fact, was free to determine the weight to be afforded to that evidence. There was no evidence that the mat that the plaintiff tripped on was the same mat involved in the prior incidents. Furthermore, there was no evidence that the mat was in the same position and state of wear as in the prior incidents. Ultimately, the court found that no defect existed. After thoroughly reviewing the record, we conclude that the court's finding was not clearly erroneous and it could have reasonably found as it did.

The crux of the plaintiff's second argument is that the defendant's answer to one of her interrogatories, which was admitted into evidence as a full exhibit, was a judicial admission that the rug was defective, which was binding on the court, and the court improperly treated it as an evidentiary admission by which it was not bound. The plaintiff claims that the defendant admitted in its answer to one of the interrogatories that the particular defect at issue existed and that it had notice of that defect. Question nine of the plaintiff's interrogatories, which mirrors the standard interrogatory form, provides: "State whether you received, at any time six months before the incident described by the plaintiff, complaints from anyone about the defect or condition that the plaintiff *claims* caused the plain-

tiff's injury." (Emphasis added.) The defendant's answer to this question was "Yes." The plaintiff's interrogatory number nine asks the defendant to disclose prior similar complaints about what *the plaintiff claims* was the defect or condition causing the injury. An affirmative answer to that question does not admit the existence of a defect. It merely supplies requested information about other claims in which the complainants asserted that the same mat was defective. It does not concede or admit that the mat in issue was defective at the time of the plaintiff's fall. While under the present definition of an admission under § 8-3 (1) of the Connecticut Code of Evidence, the interrogatory answer might be categorized as an admission in that it came into evidence as "[a] statement that is being offered against a party and is (A) the party's own statement, in . . . an individual . . . capacity," it does not appear to admit or concede the fact at issue about whether the mat was defective.[2]

We next observe that this issue is unpreserved. The plaintiff did not claim before the trial judge that the defendant's interrogatory answers were a binding judicial admission conceding that the mat was defective. She concedes in her brief that this issue was not distinctly raised at trial and, therefore, requests plain error review.

It is well established that plain error review is proper in only limited circumstances. "[P]lain error [review] is properly reserved for those extraordinary situations where the error is so obvious that the fairness and integrity of and public confidence in the judicial process would be impaired were we to fail to address an issue that was not raised or preserved at trial." (Internal quo-

---

[2] Because we conclude that the plaintiff failed to prove that a defect existed or that the defendant admitted the existence of a defect, we do not need to reach the issue of whether the defendant's interrogatory answer was an admission as to notice of the claimed defect.

tation marks omitted.) *State* v. *Jones,* 67 Conn. App. 25, 27, 787 A.2d 43 (2001).

On the basis of our thorough review of the record and briefs, we conclude that this situation does not point us to any such obvious error, nor invoke any exceptional circumstances warranting plain error review.

The judgment is affirmed.

In this opinion the other judges concurred.