STERNE BAPTISTE *v.* BETTER VAL-U
SUPERMARKET, INC., ET AL.
(SC 16764)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued October 29—officially released December 10, 2002

*Michael D. Colonese*, with whom, on the brief, was *Dana M. Horton*, for the appellant (named defendant).

*Lorenzo J. Cicchiello*, for the appellee (plaintiff).

*Opinion*

KATZ, J. The dispositive issue in this appeal is whether the trial court properly determined that, under the circumstances of this case, the named defendant, Better Val-U Supermarket, Inc. (defendant), owed a duty to the plaintiff, Sterne Baptiste, who, in the course of completing the forms necessary to conduct a monetary wire transfer through facilities owned by Western Union Financial Services, Inc. (Western Union), which were located on the defendant's premises, placed on the defendant's counter an envelope containing $5000 in cash, which disappeared. The plaintiff brought an action against the defendant[1] alleging negligence for its failure to: (1) provide a safe and secure area for the transaction of monetary wire transfers; (2) monitor ade-

---

[1] The plaintiff also brought the action against Western Union, which reached a settlement with the plaintiff while this appeal was pending. Western Union subsequently withdrew its appeal.

quately the area where monetary transfers took place in order to discourage loss, theft and larceny; (3) use security cameras in the area in which monetary wire transfers took place in order to discourage loss, theft and larceny and to assist in the investigation of loss claims; and (4) train properly its employees in the safe and secure transaction of monetary wire transfers. Following a court trial, the trial court concluded that the area of the defendant's store where the plaintiff had gone to make his transaction was not secure and that it should have been made secure.[2] The court also found that the plaintiff was contributorily negligent, however, less than 50 percent negligent, and rendered judgment awarding him $2500 in damages. The defendant appealed[3] from the judgment, claiming that the trial court improperly had determined that: (1) the defendant owed a duty to the plaintiff to protect against the loss he had sustained; (2) the defendant had breached that duty; (3) the breach of that duty proximately caused the plaintiff's injury; and (4) the plaintiff was not contributorily negligent for the full extent of his loss. We agree with the defendant's first claim and, accordingly, reverse the judgment of the trial court.[4]

The trial court reasonably could have found the following facts. On March 21, 1999, at approximately 10:30 a.m., the plaintiff entered the defendant's store, located at 469 Hamilton Avenue in Norwich, for the purpose of conducting a monetary wire transfer. A Western Union wire transfer facility was located inside the store. The plaintiff had in his possession a bank envelope containing $5000 in United States currency, which he

---

[2] The trial court did not state expressly that the defendant was negligent or that it had breached a duty to the plaintiff, merely stating: "The court finds that this is not a secure area, as I think it should be."

[3] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

[4] We, therefore, do not reach the defendant's remaining claims.

intended to transfer to his wife in Haiti. He had performed such wire transfers at the defendant's store in the past. Accordingly, he went to the counter that serviced Western Union wire transfers and began to fill out the forms necessary to accomplish the transaction. When the pen he had been using ran out of ink, the plaintiff asked one of the defendant's employees for another pen, at which time he placed the envelope containing the money on the counter to his left. None of the defendant's employees watched the plaintiff fill out the paperwork, but instead waited on other customers. After completing the forms to effect the transfer, the plaintiff notified one of the defendant's employees that he had finished. Another employee, called upon to complete the transaction, asked the plaintiff for the money, at which time the plaintiff realized that the envelope containing the money was missing. The police were then notified of the incident.

"We begin by setting forth the relevant parameters under our negligence jurisprudence. The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Contained within the first element, duty, there are two distinct considerations. . . . First, it is necessary to determine the existence of a duty, and [second], if one is found, it is necessary to evaluate the scope of that duty. . . . *Maffucci* v. *Royal Park Ltd. Partnership*, 243 Conn. 552, 566, 707 A.2d 15 (1998). The issue of whether a duty exists is a question of law; *Gomes* v. *Commercial Union Ins. Co.*, 258 Conn. 603, 614, 783 A.2d 462 (2001); *Petriello* v. *Kalman*, 215 Conn. 377, 382, 576 A.2d 474 (1990); which is subject to plenary review. We sometimes refer to the scope of that duty as the requisite standard of care. See, e.g., *Santopietro* v. *New Haven*, 239 Conn. 207, 226, 228–29, 682 A.2d 106 (1996); *Shore* v. *Stonington*, 187 Conn. 147, 151,

444 A.2d 1379 (1982); see also 57A Am. Jur. 2d, Negligence § 85 (1989).

"[O]ur threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result? . . . *Gomes* v. *Commercial Union Ins. Co.*, supra, 258 Conn. 615; *Jaworski* v. *Kiernan*, 241 Conn. 399, 405, 696 A.2d 332 (1997); see also 57A Am. Jur. 2d 216, supra, § 154 (ordinary care has reference to probabilities of danger rather than possibilities of peril). The idea of risk in this context necessarily involves a recognizable danger, based upon some knowledge of the existing facts, and some reasonable belief that harm may possibly follow. W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 31, p. 170; see also *Schiavone* v. *Falango*, 149 Conn. 293, 298, 179 A.2d 622 (1962) ([r]easonable care does not require that one must guard against eventualities which, at best, are too remote to be reasonably foreseeable). Accordingly, the fact finder must consider whether the defendant knew, or should have known, that the situation . . . would obviously and naturally, even though not necessarily, expose [the plaintiff] to probable injury unless preventive measures were taken. *Bonczkiewicz* v. *Merberg Wrecking Corp.*, 148 Conn. 573, 579, 172 A.2d 917 (1961)." (Internal quotation marks omitted.) *LePage* v. *Horne*, 262 Conn. 116, 124, 809 A.2d 505 (2002). Finally, "[i]f a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Internal quotation marks omitted.) *Gomes* v. *Commercial Union*

*Ins. Co.*, supra, 614–15; accord *Neal* v. *Shiels, Inc.*, 166 Conn. 3, 12, 347 A.2d 102 (1974).

It is undisputed that the plaintiff in this case was a business invitee of the defendant and that, consequently, the defendant owed the plaintiff a duty to keep its premises in a reasonably safe condition. *Martin* v. *Stop & Shop Supermarket Cos.*, 70 Conn. App. 250, 251, 796 A.2d 1277 (2002); *Gulycz* v. *Stop & Shop Cos.*, 29 Conn. App. 519, 521, 615 A.2d 1087, cert. denied, 224 Conn. 923, 618 A.2d 527 (1992). Typically, "[f]or the plaintiff to recover for the breach of a duty owed to [him] as [a business] invitee, it [is] incumbent upon [him] to allege and prove that the defendant either had actual notice of the presence of the specific unsafe condition which caused [his injury] or constructive notice of it. . . . [T]he notice, whether actual or constructive, must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it." (Citations omitted.) *Monahan* v. *Montgomery*, 153 Conn. 386, 390, 216 A.2d 824 (1966); accord *Meek* v. *Wal-Mart Stores, Inc.*, 72 Conn. App. 467, 474, 806 A.2d 546 (2002). In the absence of allegations and proof of any facts that would give rise to an enhanced duty; cf. *Furstein* v. *Hill*, 218 Conn. 610, 624, 590 A.2d 939 (1991) (noting that "under certain circumstances a heightened duty to the licensee can arise"); the defendant is held to the duty of protecting its business invitees from known, foreseeable dangers.

On the basis of our review of the record in this case, the plaintiff neither pleaded nor proved that the incident that occurred on March 21, 1999, was foreseeable. The plaintiff did not offer any evidence to demonstrate that the defendant reasonably should have anticipated and,

accordingly, protected against a theft.[5] There was no evidence that the store was located in a high crime area or that any crime ever had occurred in the defendant's store. Cf. *Stewart* v. *Federated Dept. Stores, Inc.*, 234 Conn. 597, 601, 662 A.2d 753 (1995) (noting such evidence in wrongful death action). Consequently, in the absence of any notice or reason to believe that such a crime could occur, there was no basis upon which to conclude that the defendant should have anticipated this particular danger.

Nor was it alleged or proven that the defendant knew or should have known that any customer entering the defendant's store would place cash on the countertop without maintaining visual or physical contact with it or that the customer would lose track of the money. No evidence of any such similar pattern of behavior was offered in the present case. Indeed, had any such evidence been offered, it would not have established the defendant's negligence because the defendant had no duty to protect the plaintiff from his own carelessness. See *Meek* v. *Wal-Mart Stores, Inc.*, supra, 72 Conn. App. 478–79 (" 'a store owner is not an insurer of its customers' safety' ").

In the present case, the defendant had no reason to know of the likelihood of the type of danger to which the plaintiff was exposed, indeed, a danger that the plaintiff could not even specifically identify.[6] See foot-

[5] The plaintiff testified that he had no idea what happened to the money. He made essentially the same statement to the police officer who responded to the call regarding the incident. The record is not definitive as to what actually occurred and the trial court did not make any express findings in this regard, other than to conclude that the area of the defendant's store where the plaintiff attempted to make his wire transfer was not secure.

[6] The record reflects simply that the defendant knew that customers would bring money to the wire transfer counter and that there were no security guards or cameras in place. Essential to determining whether a legal duty exists, however, is " 'the fundamental policy of the law' " that a tortfeasor's responsibility should not extend to the theoretically endless consequences of the wrong. *Perodeau* v. *Hartford*, 259 Conn. 729, 756, 792 A.2d 752 (2002); *Jaworski* v. *Kiernan*, supra, 241 Conn. 406. Thus, even when harm has been

note 5 of this opinion. Accordingly, in the absence of any knowledge by the defendant that its arrangement of the wire transfer facility " 'would obviously and naturally, even though not necessarily, expose [the plaintiff] to probable injury unless preventive measures were taken' "; *LePage* v. *Horne,* supra, 262 Conn. 124; *Bonczkiewicz* v. *Merberg Wrecking Corp.,* supra, 148 Conn. 579; the defendant was under no special duty to protect the plaintiff from the loss of his money.

The judgment is reversed and the case is remanded with direction to render judgment for the defendant.

In this opinion the other justices concurred.

determined to be foreseeable, we have found no duty when the nexus between a defendant's negligence and the particular consequences to the plaintiff was too attenuated. See, e.g., *Waters* v. *Autuori,* 236 Conn. 820, 836, 676 A.2d 357 (1996) (nexus between accounting standards promulgated by professional regulatory body and investor's economic loss insufficient to create duty of care); *RK Constructors, Inc.* v. *Fusco Corp.,* 231 Conn. 381, 387–88, 650 A.2d 153 (1994) (connection between contractor's negligence and economic loss to injured party's employer owing to increased insurance premiums too attenuated to impose liability). In the present case, even if there were some proof of foreseeability that cash handled during a wire transfer could "disappear," we would have to determine as a matter of policy whether the scope of the defendant's duty should extend to protecting the plaintiff from the loss he suffered. In that instance, we likely would consider whether cameras and security guards should be placed, for example, in jewelry stores, at automatic teller machine locations, and at checkout counters. In light of the evidence in this case, or lack thereof, we need not consider such policy issues.