[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (#131.01)
On January 11, 2002, the plaintiff, Barbara Trimachi, filed a two count revised complaint sounding in negligence against the defendants, Envirotest Systems Corporation,[1] Rachel Vergara and William Hande.[2]
Trimachi alleges that she was a pedestrian inside an emissions testing station, which was operated by Envirotest, when she was struck by a motor vehicle owned by Hande. She further alleges that at the time of the accident Vergara, an Envirotest employee, was operating Hande's vehicle. Trimachi now seeks to recover damages for her injuries. Count one of the revised complaint is brought against Envirotest[3] and Vergara and count two is brought against Hande.
On June 17, 2002, Hande filed a motion for summary judgment on the ground that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law because he does not owe a duty of care to Trimachi. In support of his motion, Hande submits a memorandum of law and the following exhibits: (1) Trimachi's answers to Hande's request for admissions; and (2) Envirotest's and Vergara's answers to Hande's request for admissions. On December 6, 2002, Trimachi filed a memorandum in opposition to Hande's motion for summary judgment. Trimachi did not submit any evidence in support of her opposition.
 DISCUSSION
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . ., CT Page 3680 and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Gaynor v.Payne, 261 Conn. 585, 590-91, 804 A.2d 170 (2002). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 795, 653 A.2d 122 (1995). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751 A.2d ___, 660 A.2d 810 (1995).
Although "[i]ssues of negligence are ordinarily not susceptible of summary adjudication" (internal quotation marks omitted); Fogarty v.Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984); "[t]he issue of whether a duty exists is a question of law . . ." (Citations omitted; internal quotation marks omitted.) Baptiste v. Better Val-U Supermarket, Inc.,262 Conn. 135, 138, 811 A.2d 687 (2002). "[I]f a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Internal quotation marks omitted.) Id., 139.
In support of his motion for summary judgment, Hande argues that Vergara was not acting as his agent while she was operating his vehicle because, pursuant to Envirotest regulations, Hande was required to abandon control of his vehicle to an Envirotest employee at the testing station. Hande contends that because no agency relationship existed between him and Vergara, he does not owe a duty to Trimachi, and, therefore cannot be held liable for Trimachi's injuries. In support of his argument, Hande relies on Corso v. American Medical Response ofConnecticut, Inc., Superior Court, judicial district of New Haven, Docket No. CV 98 0411625 (April 27, 2000, Devlin, J.) (27 Conn.L.Rptr. 106), which he asserts is directly on point with the present case.
Trimachi argues in opposition that Hande is precluded from moving for summary judgment because General Statutes § 52-183 creates a presumption that the operator of a motor vehicle is the agent of the owner of the vehicle. Trimachi also argues that an agency relationship existed between Hande, the owner, and Vergara, the operator, however, Trimachi cites to no case law to support this argument.
General Statutes § 52-183 provides: "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent CT Page 3681 and servant of the owner of the motor vehicle and operating it in the course of his employment." One of the "elements required to show the existence of an agency relationship . . . [is] an understanding between the parties that the principal will be in control of the undertaking." (Internal quotation marks omitted.) Hallas v. Boehmke Dobosz,Inc., 239 Conn. 658, 673, 686 A.2d 491 (1997).
The following facts are undisputed as they are taken from Trimachi's answers to Hande's request for admissions.[4] On October 5, 1999, Hande, pursuant to state law, brought his private passenger motor vehicle to a Connecticut emissions testing station in North Haven for emissions testing. The emissions testing station was operated by Envirotest, a private company. On said date, Vergara was employed by Envirotest at the North Haven facility. Vergara asked Hande to exit his car so that she could test the vehicle's emissions output. As required by Envirotest's rules and regulation, Vergara, rather than Hande, drove the vehicle into the testing area. While Vergara was operating Hande's vehicle, Trimachi was allegedly injured.
In Corso v. American Medical Response of Connecticut, Inc., supra,27 Conn.L.Rptr. 107, the plaintiff an emissions inspector, was injured when he was struck by an ambulance at the emissions testing station. The ambulance was brought to the testing station for emissions testing by an employee of the ambulance company. Id. At the time of the accident, however, the ambulance was operated by another emissions inspector. Id.
The plaintiff sought recovery from the ambulance company for the negligent operation of the ambulance by the emissions inspector and relied on § 52-183. Id. In moving for summary judgment, the ambulance company argued that the undisputed facts of the case rebut the presumption that the emissions inspector who was operating the ambulance was its agent or servant. Id. The court, in granting the motion for summary judgment, held that "it is clear that the requisite control was lacking. [The ambulance company] had no control over how the ambulance was to be tested at the emissions testing center. The undisputed fact is that [the ambulance company's] employee was directed to relinquish control of the ambulance to a vehicle inspector . . . during the testing procedure. These facts rebut the statutory presumption of agency." Id.
As was the case in Corso it is undisputed that Hande lacked the requisite control over his vehicle while it was being tested. Pursuant to Envirotest regulations, Hande was required to exit his vehicle so that an Envirotest employee could drive the vehicle to the testing area and perform the emissions test. Based on these facts, Hande has rebutted the statutory presumption of agency. Accordingly, the court grants Hande's motion for summary judgment because, as a matter of law, Hande owed no CT Page 3682 duty to Trimachi, and, therefore, Trimachi cannot recover in negligence from Hande.
Harper, J.