MEMORANDUM OF DECISION
EAGAN, Judge.
BACKGROUND
At approximately 10:00 p.m. on February 1, 2003, the plaintiff, Alcides Mariano, was a patron at the Mohegan Sun Gaming Casino. While walking through the entrance way to the Sky Casino, he fell, landing on his right hand, wrist and forearm, which resulted in severe injuries.
The plaintiff claims that the defendant, Mohegan Tribal Gaming Authority (“MTGA”) was negligent in that the floor to the entrance way was covered with litter, debris and other substances, which were allowed to remain there creating an unsafe condition. The defendant has admitted that the plaintiff was a patron/invitee lawfully on the premises operated, maintained and controlled by the defendant. The defendant denies the allegation that the cause of the injury was negligence on its part and filed a special defense relying on contributory negligence and the actions of a third party.
FINDINGS OF FACT
1. On February 1, 2003, at approximately 10:00 p.m., the plaintiff was a patron/invitee at the Mohegan Sun Gaming Casino.
2. While walking in the entrance to the Sky Casino, he fell, severely injuring his *542 right hand, wrist and forearm. His right arm is his major arm.
3. All of the evidence introduced, including the video of the incident, clearly showed that the area of the fall was clean and in a litter and substance free condition.
4. The plaintiffs fall, while regrettable, was not attributable to litter, debris or any substance on the floor.
5. While the plaintiff was walking through the entry way, he was inadvertently bumped by a female patron, which diverted his attention and resulted in the fall.
6. Plaintiff stated to the security officer, who arrived on the scene of the fall within minutes after the incident, that “another person bumped into him causing him to lose his footing and fall to the ground injuring his right wrist.” The same security officer also noted no defects and that the area was clean of debris.
7. Plaintiffs resulting injuries were severe; he lost time from work and his disabilities are not exaggerated.
DISCUSSION
This action is governed by the provisions of Mohegan Tribal Ordinance (“MTO”) 2001-07,[1] known as the Mohegan Torts Code. The Mohegan Torts Code applies to “any and all tort claims arising on the Mohegan Reservation that may be brought against the MTGA ...” 2001-07, Sec. 4(C); and is “the exclusive means of adjudication of claims brought against the MTGA ...” 2001-07, Sec. 4(D) Additionally, the MTO 95-4, Sec. 301 sets forth the substantive law for application by this court to be the Tribal Ordinances and regulations; and the General Statutes and common law of the State of Connecticut, except to the extent that such statutes and common law are in conflict with the Mohegan Tribal Law.
The plaintiffs claim is clearly a tort claim asserting negligence in connection with the MTGA’s maintenance of the premises. Negligence is defined in MTO 2001-07, Sec. 5 A(15), to mean:
“conduct that falls below the standard established by law or custom for the protection of others against unreasonable risk of injury or harm. The standard of conduct to which a person must conform to avoid being negligent is that of a reasonable person under similar circumstances.”
Conn. Law of Torts, 3rd Ed., Wright, et al, Sec. 49, sets forth the generally recognized common law rule in Connecticut that the possessor of land owes a duty to invitees to inspect the premises and to keep them reasonably safe. Baptiste v. Better Val-U Supermarket, Inc., 262 Conn. 135, 140, 811 A.2d 687 (2002) (“It is undisputed that the plaintiff in this case was a business invitee of the defendant and that, consequently, the defendant owed the plaintiff a duty to keep its premises in a reasonably safe condition.”) However, the duty owed to an invitee is not that of an insurer. Meek v. Wal-Mart Stores, Inc., 72 Conn.App. 467, 478-79, 806 A.2d 546 (2002) (“A store owner is not an insurer of its customers’ safety”)
In this case, there was no evidence of any debris or substance on the floor where the plaintiff fell. The video tape introduced in evidence shows a clear floor.
The video also shows the plaintiffs attention being diverted when he was accidentally bumped by a female patron and: then the subsequent fall. In a Connecticut; case involving an injury to a store patron from a broken fail after a collision in an *543 aisle with a store clerk, the court found the patron’s contributing negligence barred recovery. Geohegan v. G. Fox & Co., 104 Conn. 129, 132 A. 408 (1926).
There is no evidence from which the court can conclude that the defendant was negligent or in any way breached a duty owed to this plaintiff.
Judgment may enter for the defendant.

. Effective June 22, 2005, MTO 2001-2007 was repealed and replaced by MTO 2005-02