MEMORANDUM OF DECISION

EAGAN, J.
INTRODUCTION
This is an action against the Mohegan Tribal Gaming Authority (MTGA) for damages based on injuries a patron, the plaintiff Sung Cha Son, sustained while in the garage at the Mohegan Sun Gaming Casino. At commencement of trial, this Court bifurcated the case, and in May 2009, tried the issue of liability.
BACKGROUND
The plaintiff was gambling at the Mohegan Sun Casino when she received a cell *155 phone call She left the casino and went into the Riverview Garage to answer the call, but her cell reception was poor in the garage.
In an attempt to leave the garage and go outside, the plaintiff mistakenly believed that a glass panel separating the garage from an outdoor, gravel area was an open entrance. The plaintiff collided with the glass panel, and fell back, striking her shoulder, neck and back on a concrete barrier.
The plaintiff seeks to recover damages from the MTGA for the injuries sustained in colliding with the glass panel, on the grounds that the defendant was negligent in leaving the glass panel unmarked and not having any warning signs or barriers near the glass panel.
The defendant denies any negligence and asserts a defense of comparative negligence in that plaintiff failed to watch where she was going, bypassing a concrete Jersey barrier, with a 12 inch gap, through which she walked/ran before striking the glass panel. The defendant further contends that plaintiff was negligent in failing to observe that she was heading to an area off limits to patrons.
At the request of plaintiffs counsel, over the objections of the defense, the Court viewed the scene of the incident.
FINDINGS OF FACT
1. Plaintiff, her cousin, and a friend arrived at Mohegan Sun Casino at approximately 7:00 p.m. on Tuesday, July 17, 2006.
2. Plaintiff gambled late into the night, and continued into the early morning of July 18, 2006.
3. Plaintiff, her cousin, and friend did get some sleep in her car, parked in the casino garage, during this time. After waking, plaintiff returned to gambling at the Casino.
4. At approximately 8:00 a.m., the plaintiff received a call on her cell phone from her husband while she was in the Casino playing blackjack. The plaintiff rushed out of the Casino into the River-view Garage to answer the call.
5. Plaintiff attempted to talk to her husband on her cell in the garage, but was unable to get good reception there.
6. In an attempt to go outside, she turned and ran toward what she thought was an open passageway to the outside when she hit a glass panel in a wall separating the garage from an unused, outdoor area, surfaced with gravel.
7. Approximately one to two feet directly in front of the glass panel was a concrete Jersey bander, which was approximately 34 % inches high, six inches wide at the top and 23⅝ inches wide at the bottom, with two, three inch hooks coming out from its sides.
8. There is an opening between the concrete Jersey barrier and the side wall containing the glass panel of approximately 12½ inches. The glass panel was 48 inches wide so that the concrete barrier blocked approximately 36 inches of the glass panel.
9. The plaintiff ran through the gap and collided with the glass panel.
10. There were no etchings on the glass panel or frosted glass.
11. While viewing the scene, the plaintiff, who is slender, demonstrated how she was able, by turning her hips slightly, to proceed through the opening at a fast pace.
12. Subsequently, the plaintiff returned to the Casino, reported the incident, and continued to gamble until leaving later in the morning to go home.
*156 13. The glass panel is not adjacent to the entrance doors to the Casino and is around the corner of the wall containing the entrance doors to the Casino.
14. At the time of the accident, the outdoor area which plaintiff sought to access was not open to the public or employees of the Casino, nor were there any signs indicating it was an exit or doorway leading to an area open to patrons.
15. The lack of etching on the glass panel does not violate the building code and there are no industry standards requiring etching on glass panels.
16. There is no evidence of a defective or dangerous condition present, nor was the defendant on notice of any defective condition. There have been no previous injuries at this location in the approximately 7 years of its existence.
17. The plaintiff did not exercise reasonable care when she was proceeding at a rapid pace into an area blocked by a concrete Jersey barrier.
DISCUSSION
A. Dangerous Condition
Plaintiff argues that the glass panel with which she collided was an extremely dangerous condition because it was unmarked and appeared to be an open walk way. Plaintiff further contends that the placement of the concrete Jersey barrier in front of the glass panel did not lessen the danger since she was able to pass through a gap between the barrier and the glass panel.
It is beyond dispute that “A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe ... in addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover.” Morin v. Bell Court Condominium Ass’n, Inc., 223 Conn. 323, 327, 612 A.2d 1197 (1992). However, “every premise imperfection does not constitute a defect for purposes of a premises liability case.” Hennessey v. Hennessey, 145 Conn. 211, 140 A.2d 473 (1958), Martin v. Stop & Shop Supermarket Co., Superior Court, J.D. New Haven, CV 99 0421145, 2000 WL 1475838, 2000 Conn. Super. Lexus 2522 (Sept. 2000, Pittman, J).
In determining the existence of a premise defect, where a glass panel is involved, the Connecticut Supreme Court’s decision in Considine v. City of Waterbury, 279 Conn. 830, 905 A.2d 70 (2006), is instructive. In Considine, the Court found that a building code provision regulating the type of glass used in panels adjacent to a door was evidence of the standard of care in determining the existence of a defect. Here, the plaintiffs expert testified that the lack of etching/marking on the glass panel did not violate any building codes nor any industry standards, which is exactly the opposite of the facts in Considine, where the glass panel was held to be a defect.
Plaintiff relies on several other decisions to support her argument that the unmarked glass panel was a dangerous condition. Yet, as defendant correctly points out in its brief, all of those cases involved glass panels adjacent to doors. In the instant case, the glass panel was not adjacent to any door nor in a location in which a reasonable person could mistake it for a door.
There is, quite simply, insufficient evidence to conclude that the defendant deviated from the standard of care in not etching or otherwise marking the glass panel with which plaintiff collided. The defendant had placed a concrete Jersey barrier in front of the glass panel that was clearly visible. The outside area which plaintiff was attempting to reach when she *157 hit the glass panel was not open to patrons or employees and there was nothing to induce patrons to enter the area. There is no evidence that anyone else ever collided with the glass panel which had existed for 7 years.
Accordingly, plaintiff has not established by a preponderance of the evidence that the glass panel was a defect or a dangerous condition.
B. Foreseeability of Plaintiff’s Injuries
Assuming arguendo, that the glass panel was a premise defect or dangerous condition, the plaintiff also must establish that her injuries were reasonably foreseeable to prove her claim of negligence. As the Connecticut Supreme Court noted in Baptiste v. Better Val-U Supermarket, Inc., 262 Conn. 135, 138-39, 811 A.2d 687 (2002): “[0]ur threshold inquiry has always been whether the specific harm alleged by plaintiff was foreseeable to the defendant ... the test is, would the ordinary person in the defendant’s position, knowing what he knew or should have known, anticipate the harm of the general nature of that suffered was likely to result? ... Reasonable care does not require that one must guard against eventualities which, at best, are too remote to be reasonably foreseeable.”
The very same evidence supporting the conclusion that the glass panel was not a premise defect shows that the harm plaintiff sustained was not reasonably foreseeable. That a patron would run through an approximately 12 inch gap between a concrete Jersey barrier and a wall and then collide with the glass panel cannot be said to be reasonably foreseeable.
There is no evidence of any similar accidents in the area and, since the area behind the concrete barrier was not open to patrons or employees, the defendant had no reason to believe that someone would do what the plaintiff did, resulting in her colliding with the glass panel.
Because plaintiff has failed to meet her burden of proof in establishing her injuries were reasonably foreseeable, she has failed to demonstrate that the defendant breached any duty of care supporting her claim of negligence.
CONCLUSION
For the foregoing reasons, judgment shall enter in favor of the MTGA.
So ordered.