17-640-cv
*Tucker v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22ⁿᵈ day of December two thousand seventeen.

PRESENT:   BARRINGTON D. PARKER,
           RICHARD C. WESLEY,
           DENNY CHIN,
                   *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BLANCHE TUCKER,
                   *Plaintiff-Appellant*,

            v.                                          17-640-cv

UNITED STATES OF AMERICA,
                   *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Christopher D. DePalma, D'Elia, Gillooly,
                                DePalma, LLC, New Haven, Connecticut.

FOR DEFENDANT-APPELLEE:          Alan M. Soloway, David C. Nelson, Assistant
                                 United States Attorneys, *for* Diedre M. Daly,
                                 United States Attorney for the District of
                                 Connecticut, New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Blanche Tucker appeals from a judgment of the district court entered February 10, 2017, pursuant to a February 3, 2017 memorandum of decision, granting a motion for summary judgment for defendant-appellee United States, and dismissing the complaint brought under the Federal Tort Claims Act ("FTCA"). On appeal, Tucker argues that the district court erred in finding that a reasonable jury could not conclude that defendant had created a foreseeably hazardous condition. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review *de novo* a district court's grant of summary judgment, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 85 (2d Cir. 2003). "Summary judgment is appropriate only if it can be established that 'there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)) (citation omitted).

The facts are construed in favor of Tucker, as the party opposing summary judgment below. They are summarized as follows: On August 23, 2013, Tucker visited the United States Post Office in West Haven, Connecticut to conduct business. As she entered the post office, there was a large bug flying through the air near the customer service desk. Tucker, upon the request of a postal worker, picked up a spray bottle containing cleaning solution and sprayed liquid at the bug. As the now-wet bug sputtered towards the ground, Tucker attempted to step on the bug while it was in midair, slipping and falling in the process. There is no evidence that the floor was wet before Tucker slipped and fell. The post office custodian, however, testified that after Tucker fell he noticed that a small area of the floor was covered with liquid. Tucker alleges that she slipped in this liquid, the liquid had come from the spray bottle, and she was injured due to the negligence of the postal worker.

The FTCA sets out a limited waiver of sovereign immunity for selected tort claims. *Caban v. United States*, 728 F.2d 68, 72 (2d Cir. 1984). When a tort claim arises "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *see id.* § 1346(b)(1). This Court applies the law of the state where the claim would accrue if the defendant were a private individual, which is usually the state where the incident occurred.

3

*Caban*, 728 F.2d at 72 (citing 28 U.S.C. § 1346(b)(1)). Here, as the episode was in the state of Connecticut, we apply Connecticut law.

Under Connecticut law, "there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee or invitee." *Morin v. Bell Court Condo. Ass'n, Inc.*, 612 A.2d 1197, 1199 (Conn. 1992) (citations omitted). Ordinarily, when the plaintiff is a business invitee, as Tucker undisputedly was, she must establish that the defendant had actual or constructive notice "of the specific unsafe condition which caused" the injury to demonstrate that the defendant's failure to remedy the danger was a breach of duty. *Baptiste v. Better Val-U Supermarket, Inc.*, 811 A.2d 687, 691 (Conn. 2002) (citations omitted). Tucker contends that where "the defendant's conduct created the unsafe condition, proof of notice is not necessary . . . because when a defendant itself has created a hazardous condition, it safely may be inferred that it had knowledge thereof." *Kelly v. Stop and Shop, Inc.*, 918 A.2d 249, 255 (Conn. 2007) (citations omitted).

This inference is only appropriate, however, "when the defendant or its employees created an *obviously* hazardous condition." *DiPietro v. Farmington Sports Arena, LLC*, 49 A.3d 951, 960-61 (Conn. 2012) (emphasis added) (holding that an inference of notice was inappropriate where the defendant selected indoor carpeting that was not foreseeably hazardous). Tucker, therefore, must "provide an evidentiary

4

foundation from which a reasonable jury could [find] that the defendant[] . . . had notice of the potential dangerousness" of the situation. *Id.* at 961. She failed to do so here.

A reasonable jury could not conclude that the Postal Service created an obviously hazardous condition. It was not reasonably foreseeable to a postal employee that handing a patron a spray bottle of cleaning fluid would lead the patron to spray enough liquid into the air to create a slick spot, attempt to squash a bug midair, and then step onto and slip in that slick spot. Although it made little sense for the postal employee to hand Tucker a bottle of cleaning fluid to kill a flying bug, we cannot say that a reasonable employee would have regarded the handing over of the bottle to create a foreseeably hazardous condition. *Id.* Accordingly, the Postal Service did not breach its duty to Tucker.

Tucker argues that the district court improperly reached foreseeability *sua sponte* and should only have considered the issue of the Postal Service's notice of the dangerous condition. We disagree. Foreseeability was properly before the district court because Connecticut law treats a defendant's affirmative act creating a condition as an aspect of notice. *See id.* ("Rather than acting as an alternative to notice, the affirmative act rule allows an inference of notice when circumstantial evidence shows that the defendant knew or should have known of the dangerous condition because it was a foreseeably hazardous one that the defendant itself created.").

5

We have considered Tucker's remaining arguments and conclude they are without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk