# MARY ELLEN RICCIO *v.* HARBOUR VILLAGE CONDOMINIUM ASSOCIATION, INC.
## (SC 17641)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued October 26, 2006—officially released February 6, 2007

*William F. Gallagher*, with whom, on the brief, were *Hugh D. Hughes* and *Joseph W. Trotta*, for the appellant (plaintiff).

*G. Randall Avery*, for the appellee (defendant).

### Opinion

VERTEFEUILLE, J. This appeal arises from a negligence action brought by the plaintiff, Mary Ellen Riccio, against the defendant, Harbour Village Condominium Association, Inc., in connection with injuries that the plaintiff suffered when she slipped and fell on ice on the condominium property. The plaintiff claimed that her injuries had resulted from negligence on the part of the defendant in maintaining the property. The plaintiff appeals[1] from the judgment of the trial court in favor of the defendant after the court had directed a verdict in favor of the defendant. The issue in this appeal is whether the trial court properly directed the verdict on the ground that the plaintiff failed to establish that the defendant had notice of the specific defect that caused the plaintiff's injuries. We affirm the judgment of the trial court.

The following evidence was presented at trial. The plaintiff is the owner of a condominium unit at Harbour Village Condominium in Branford, where she had resided for approximately six years as of the time of

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we thereafter transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

the trial. The defendant owns and controls the common areas of the condominium property. At approximately 6:30 a.m. on March 8, 2001, the plaintiff exited her condominium unit and walked toward the garbage bin located in a paved common area of the property approximately fifteen feet from her unit. As she attempted to dispose of some garbage, the plaintiff slipped on a patch of ice, fell backward and hit her head and back on the pavement. The plaintiff thereafter noticed a patch of black ice on the pavement near the garbage bin. Although it had not snowed the previous night, there was snow on the ground in areas adjacent to the pavement. As a result of the fall, the plaintiff suffered injuries for which she sought medical treatment.

The plaintiff thereafter filed this action alleging that her injuries had been caused by the negligence of the defendant in failing to maintain the area near the garbage bin properly. After presentation of the plaintiff's case-in-chief, the defendant moved for a directed verdict. The trial court granted the defendant's motion for a directed verdict and rendered judgment in favor of the defendant on the basis that the plaintiff had failed to introduce sufficient evidence to establish that the defendant had notice of the defect that caused the plaintiff's injury, namely, ice on the common walkway near the garbage bin.

On appeal, the plaintiff claims that the trial court improperly granted the defendant's motion for a directed verdict. More specifically, the plaintiff claims that a plaintiff in a premises liability negligence case need not prove that the defendant had notice of the specific defect that caused the injury, but, rather, that establishing notice of the general condition that caused the defect is sufficient. The plaintiff contends that the specific notice rule as it exists in this state was fashioned for governmental liability cases, and should not apply to premises liability cases involving nongovern-

mental property owners. We affirm the judgment of the trial court.

As an initial matter, we set forth the applicable standard of review. "The standards for appellate review of a directed verdict are well settled. Directed verdicts are not favored. . . . A trial court should direct a verdict only when a jury could not reasonably and legally have reached any other conclusion. . . . In reviewing the trial court's decision to direct a verdict in favor of a defendant we must consider the evidence in the light most favorable to the plaintiff. . . . Although it is the jury's right to draw logical deductions and make reasonable inferences from the facts proven . . . it may not resort to mere conjecture and speculation. . . . A directed verdict is justified if . . . the evidence is so weak that it would be proper for the court to set aside a verdict rendered for the other party." (Internal quotation marks omitted.) *Coughlin* v. *Anderson*, 270 Conn. 487, 497–98, 853 A.2d 460 (2004).

In the present case, it is undisputed that the plaintiff was a business invitee and that the defendant therefore had a duty to keep the condominium premises in a reasonably safe condition. *Baptiste* v. *Better Val-U Supermarket, Inc.*, 262 Conn. 135, 140, 811 A.2d 687 (2002). It is well established that, in the context of a negligence action based on a defective condition on the defendant's premises, "[t]here could be no breach of the duty resting upon the defendants unless they knew of the defective condition or were chargeable with notice of it . . . ." *Cruz* v. *Drezek*, 175 Conn. 230, 235, 397 A.2d 1335 (1978). "The controlling question in deciding whether the defendants had constructive notice of the defective condition is whether the condition existed for such a length of time that the defendants should, in the exercise of reasonable care, have discovered it in time to remedy it." Id., 238–39. "What constitutes a reasonable length of time is largely a question of fact to be determined in the light of the particular circum-

stances of a case." *Morris* v. *King Cole Stores, Inc.*, 132 Conn. 489, 494, 45 A.2d 710 (1946).

The plaintiff in the present case claims that the trial court improperly directed a verdict in favor of the defendant because the evidence established that the defendant was aware of the general conditions that caused the plaintiff's injuries. At trial, the plaintiff introduced into evidence certain photographs of the location where she fell. Those photographs showed snow on the ground in some areas near the garbage bin. The plaintiff asserts that the photographs provided a sufficient basis from which the jury could have inferred that the black ice on which she slipped was caused by the snow melting onto the pavement and then refreezing. The plaintiff argues that knowledge of the general conditions in the area, e.g., the snow in the area where the plaintiff fell, provided sufficient notice to the defendant of the condition of the property.

The plaintiff acknowledges that she is asking us to change the current state of the law of premises liability in Connecticut with regard to the notice of a defect that a plaintiff must show. Under our current law, "[m]ere proof of the presence of some snow or ice or both does not necessarily show a breach of [a] defendant's duty. In such a case as this, the burden rests upon the plaintiff, first, to offer evidence sufficiently describing the condition of the [property] so as to afford a reasonable basis in the evidence for the jury to find that a defective condition in fact existed; and, secondly, to offer evidence from which the jury could reasonably conclude that the defendant had notice of this condition and failed to take reasonable steps to remedy it after such notice." *Drible* v. *Village Improvement Co.*, 123 Conn. 20, 23–24, 192 A. 308 (1937). Thus, in order to recover under our current law, the plaintiff was required to prove that the defendant had had actual or constructive notice of the specific defect that caused the plaintiff's injuries.

At oral argument in this court, the plaintiff's counsel conceded that under our current law, the judgment of the trial court must be affirmed. He argued, instead, for a change in our law based on his contention that the specific notice rule was not intended to apply to private nongovernmental property owners such as the defendant in the present case. The plaintiff's counsel contended that knowledge of the general conditions of the premises is sufficient for purposes of notice to private property owners. We decline to consider the requested change in the law, however, because the record in the present case is insufficient for the plaintiff to prevail even if we were to modify our current law in the manner she requested.

It is a matter of common knowledge that whether snow melts and refreezes is entirely dependent on the ambient air temperature. In the present case, the plaintiff failed to produce any evidence regarding the air temperature in Branford on the days and hours preceding her fall. The plaintiff therefore failed to produce any evidential basis from which a fact finder could determine that the black ice that caused the plaintiff's fall in fact had been caused by the melting and refreezing of snow and not by another intervening factor, such as, for example, an accidental spill of fluid on the ground near the garbage bin where the plaintiff fell. Consequently, even if we were to conclude that knowledge of general conditions is sufficient to establish notice in the present case, the plaintiff nevertheless would not prevail because of the evidentiary insufficiency in the record. We therefore decline the plaintiff's invitation to change the specific notice rule, and we conclude that the trial court properly determined that the plaintiff had failed to present sufficient evidence of notice on the defendant's behalf to establish the defendant's liability.

The judgment is affirmed.

In this opinion the other justices concurred.