MALISA COSTANZO, ADMINISTRATRIX (ESTATE
OF ISABELLA R. COSTANZO), ET AL. *v.*
TOWN OF PLAINFIELD ET AL.
(SC 20537)

Robinson, C. J., and McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.

*Syllabus*

Pursuant to statute (§ 52-572h (o)), there shall be no apportionment claims between a party liable for negligence and a party liable on any basis other than negligence, including "liability pursuant to any cause of action created by statute, except that liability may be apportioned among parties liable for negligence in any cause of action created by statute based on negligence . . . ."

Pursuant further to statute (§ 52-557n (b)), "a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person

---

[3] The parties agreed to waive oral argument and to have this appeal decided on the basis of the record and briefs.

Costanzo *v.* Plainfield

or property resulting from . . . (8) failure to make an inspection or making an inadequate or negligent inspection of any property . . . to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such a hazard . . . .''

The named plaintiff, as the administratrix of her daughter's estate, sought to recover damages from the defendants, a town and two of its employees, in connection with her daughter's drowning in a privately owned swimming pool. The plaintiff was a tenant of the property on which the incident occurred. The pool did not have a self-closing and self-latching gate or a pool alarm, both of which were required by the state building code. The plaintiff alleged, inter alia, that the defendants had issued a building permit for the pool prior to inspecting it to ensure that the mandated safety features were installed. The defendants thereafter filed a notice of intent to seek apportionment of liability against the owners of the property and an apportionment complaint against the former tenants of the property, who had the pool constructed. The plaintiff objected to the defendants' efforts to seek apportionment, claiming that her complaint set forth a cause of action alleging recklessness or an intentional act under § 52-557n (b) (8), rather than negligence and, therefore, that apportionment was precluded under § 52-572h (o). The trial court agreed and issued orders sustaining the plaintiff's objections and dismissing the defendants' apportionment complaint and notice of intent to seek apportionment. The defendants appealed to the Appellate Court, which reversed the trial court's orders. The Appellate Court determined that § 52-572h (o) did not prohibit the defendants from seeking apportionment in the present case, reasoning that the plaintiff set forth allegations in her complaint that fell within the first exception to municipal immunity in § 52-557n (b) (8), which subjects a municipality to liability for injuries that occur as a result of a failure to inspect or the inadequate or negligent inspection of a property to determine whether the property complies with or violates any law or contains a health or safety hazard when the municipality had notice of such a violation of law or such a hazard, and that that exception incorporated a negligence standard. On the granting of certification, the plaintiff appealed to this court. *Held*:

1. The trial court's orders dismissing the defendants' apportionment complaint and notice of intent to seek apportionment constituted a final judgment permitting interlocutory appellate review; the decisions of the trial court sustaining the plaintiff's objections to the defendants' apportionment complaint and notice of intent to seek apportionment resulted in judgment on the defendants' entire apportionment complaint and notice of intent to seek apportionment and, therefore, were appealable under the rule of practice (§ 61-2) providing that a judgment rendered on an entire complaint constitutes an appealable final judgment.

2. The Appellate Court correctly concluded that the trial court had improperly sustained the plaintiff's objections to the defendants' apportionment

Costanzo *v.* Plainfield

complaint and notice of intent to seek apportionment, as the defendants should have been permitted to seek apportionment because the plaintiff alleged, at least in part, a cause of action created by statute based on negligence for purposes of § 52-572h (o): the plaintiff's cause of action against the defendants under § 52-557n (b) (8) was created by statute for purposes of § 52-572h (o), as this court previously had held that a municipality can be held liable under § 52-557n (b) (8) in the inspection context when it has notice of a hazardous condition; moreover, this court determined that the phrase "cause of action . . . based on negligence" in § 52-572h (o) means a cause of action that derives from a claim alleging that the defendant failed to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation, and, in light of the absence of any reference to recklessness or a reference to the terms "intentional," "wilful," or "wanton" in the first exception to municipal immunity in § 52-557n (b) (8) for the failure to inspect or the inadequate or negligent inspection when the municipality has notice of a violation of law or hazard, this court concluded that the legislature intended for a claim under that exception to be based on the negligence concepts; furthermore, the terms "failure," "inadequate," and "negligent" in that first exception also supported the conclusion that the conduct giving rise to a claim under that exception is based on negligence; in the present case, the plaintiff alleged that the defendants were liable under § 52-557n (b) (8) in part because the defendant town employees had notice of the pool, notice that it did not have a self-closing and self-latching gate, and notice that it did not have a pool alarm, and, because those allegations stated a cause of action created by statute based on negligence, § 52-572h (o) did not preclude the defendants from seeking apportionment of liability from the owners of the property and the former tenants who had the pool constructed.

Argued December 17, 2021—officially released July 19, 2022

## *Procedural History*

Action to recover damages for the alleged failure to conduct a proper inspection of a pool, brought to the Superior Court in the judicial district of Windham at Putnam, where the defendants filed an apportionment complaint and a notice of intent to seek apportionment; thereafter, the court, *Hon. Leeland J. Cole-Chu*, judge trial referee, sustained the plaintiffs' objections to the defendants' apportionment complaint and the notice of intent to seek apportionment and dismissed the apportionment complaint and the notice of intent to seek apportionment, and the defendants appealed to the

Costanzo *v.* Plainfield

Appellate Court, *DiPentima, C. J.*, and *Alvord* and *Keller, Js.*, which reversed the trial court's decisions and remanded the case to that court with direction to overrule the plaintiffs' objections and for further proceedings; subsequently, the plaintiffs, on the granting of certification, appealed to this court. *Affirmed.*

*Stephen M. Reck*, for the appellants (plaintiffs).

*Ryan J. McKone*, for the appellees (defendants).

*Opinion*

MULLINS, J. The apportionment statute, General Statutes § 52-572h, allows a party sued for damages resulting from personal injury, death or property damage caused by that party's negligence to file an apportionment complaint against additional parties, not named as defendants in the plaintiff's lawsuit, whose negligence caused the alleged losses. The statute expressly prohibits apportionment claims between a party liable for negligence and a party liable, among other things, "pursuant to any cause of action created by statute, except that liability may be apportioned among parties liable for negligence in any cause of action created by statute based on negligence . . . ." General Statutes § 52-572h (o).[1] The central issue in this certified appeal is whether the apportionment statute, by this language, permits municipal defendants whose liability is based on General Statutes § 52-557n (b) (8) to file an apportionment complaint sounding in negligence. Section 52-

[1] General Statutes § 52-572h (o) provides in relevant part that "there shall be no apportionment of liability or damages between parties liable for negligence and parties liable on any basis other than negligence including, but not limited to, intentional, wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute, except that liability may be apportioned among parties liable for negligence in any cause of action created by statute based on negligence including, but not limited to, an action for wrongful death pursuant to section 52-555 or an action for injuries caused by a motor vehicle owned by the state pursuant to section 52-556."

Costanzo *v.* Plainfield

557n (b) (8) renders municipal actors liable for damages and injuries that occur due to the failure to inspect or the negligent or inadequate inspection of property if (1) the municipality had notice of a hazard or violation of law (first exception), or (2) the act or omission "constitutes a reckless disregard for health or safety under all the relevant circumstances" (second exception).

Resolution of this appeal thus requires us to consider whether a claim brought under § 52-557n (b) (8) is a "cause of action created by statute based on negligence," such that apportionment is allowed under § 52-572h (o). As we explain herein, because § 52-557n (b) (8) expressly abrogates the common-law doctrine of municipal immunity, and because the first exception thereunder allows for a cause of action that we determine is based on negligence, we conclude that claims brought pursuant to that exception do qualify for apportionment.

The named plaintiff, Malisa Costanzo, the administratrix of the estate of the decedent, Isabella R. Costanzo, brought claims against the defendants, the town of Plainfield (town), and two of its employees, Robert Kerr and D. Kyle Collins, Jr., under § 52-557n (b) (8), stemming from the drowning of the decedent in a pool located on privately owned property in the town.[2] Thereafter, the defendants filed a notice of intent to seek apportionment against the owners of the property where the pool was located and an apportionment complaint against the former tenants of the property, who had the pool constructed. The plaintiff objected to the defendants' efforts to seek apportionment, claiming

---

[2] Malisa Costanzo also brought claims of bystander emotional distress in an individual capacity and as parent and next of friend to her four children, Felicity Costanzo, Gabriel Costanzo, Xavier Costanzo and Giovanni Costanzo. Those claims are not the subject of this appeal. Therefore, we refer to Malisa Costanzo, in her capacity as the administratrix of the estate of the decedent, as the plaintiff.

Costanzo *v.* Plainfield

that her complaint set forth a cause of action alleging
recklessness or an intentional act under § 52-557n (b)
(8), rather than negligence, and, therefore, that the
apportionment statute did not apply. The trial court
agreed and concluded that, "[i]f the defendants are
found liable to the [plaintiff] on [the basis of] the [plain-
tiff's operative] revised complaint, it will be for reckless
disregard for health [or] safety under all relevant . . .
circumstances, not for negligence." (Internal quotation
marks omitted.) Therefore, the trial court issued orders
sustaining the plaintiff's objections and dismissing the
defendants' apportionment complaint and notice of
intent to seek apportionment. The defendants appealed
to the Appellate Court, and that court reversed the
orders of the trial court, concluding that the plaintiff's
claims under § 52-557n (b) (8) fell within the first excep-
tion, which it held to incorporate a negligence standard.
See *Costanzo* v. *Plainfield*, 200 Conn. App. 755, 770,
239 A.3d 370 (2020). Consequently, the Appellate Court
determined that § 52-572h (o) authorizes apportion-
ment in connection with such claims. See id. We agree
with the Appellate Court and, accordingly, affirm its
judgment.

The following facts and procedural history, as set
forth in the opinion of the Appellate Court; see id.,
757–63, 769–70; are relevant to this appeal. "The plaintiff
alleged the following facts in her revised complaint
dated August 28, 2018. The decedent drowned in an
aboveground pool located at 86 Glebas Road in [the
town] on June 22, 2016. At all relevant times, the town
employed Kerr as a licensed building official and Collins
as a licensed assistant building [official]. One of their
employment duties was to inspect all pools constructed
in the town to ensure compliance with the [Connecticut]
State Building Code [building code]. See, e.g., General
Statutes § 29-261 [b].[3] The defendants issued a building

<hr>

[3] General Statutes § 29-261 (b) provides: "The building official or assistant
building official shall pass upon any question relative to the mode, manner

Costanzo *v.* Plainfield

permit for this aboveground swimming pool on July 25, 2013; however, Kerr and Collins, in violation of General Statutes § 29-265a,[4] issued that permit without having determined if a pool alarm had been installed. The plaintiff further alleged that the [building code][5] required the installation of a self-closing and self-latching gate for all new pools and that Kerr and Collins had failed to ensure the installation of such a gate prior to issuing the building permit. The purpose of these safety features was to prevent children from drowning.'' (Footnotes in original.) *Costanzo* v. *Plainfield*, supra, 200 Conn. App. 757–58. The plaintiff also alleged that "Kerr and Collins were aware that a pool had been constructed at 86 Glebas Road,'' that the pool could be seen from the public road that Kerr and Collins travelled on frequently, and that "they could see that a self-closing and self-latching gate had not been installed . . . .'' Id., 769–70.

"The plaintiff further alleged that Kerr and Collins were aware of these requirements and that they knew,

of construction or materials to be used in the erection or alteration of buildings or structures, pursuant to applicable provisions of the State Building Code and in accordance with rules and regulations adopted by the Department of Administrative Services. They shall require compliance with the provisions of the State Building Code, of all rules lawfully adopted and promulgated thereunder and of laws relating to the construction, alteration, repair, removal, demolition and integral equipment and location, use, accessibility, occupancy and maintenance of buildings and structures, except as may be otherwise provided for.''

[4] General Statutes § 29-265a provides: "(a) As used in this section, 'pool alarm' means a device which emits a sound of at least fifty decibels when a person or an object weighing fifteen pounds or more enters the water in a swimming pool.

"(b) No building permit shall be issued for the construction or substantial alteration of a swimming pool at a residence occupied by, or being built for, one or more families unless a pool alarm is installed with the swimming pool.''

[5] See 2012 International Residential Code for One- and Two-Family Dwellings, app. G, § AG105.2 (8), p. 830 (adopted by the 2016 building code pursuant to General Statutes (Rev. to 2015) § 29-252, as amended by Public Acts 2016, No. 16-215, § 5) (aboveground swimming pools must have self-closing and self-latching gate installed).

Costanzo *v.* Plainfield

or should have known, that an inspection of new pools was necessary to ensure compliance with these safety requirements. Finally, the plaintiff alleged that neither Kerr nor Collins had inspected or attempted to inspect the property to ensure that a pool alarm and a self-closing and self-latching gate had been installed.

"On July 27, 2018, prior to the filing of the [plaintiff's] revised complaint, the defendants moved for an order directing the plaintiff's counsel to provide a copy of the release agreement between the plaintiff and the owners of 86 Glebas Road, Jeanna Prink and Bruce Prink (Prinks).[6] The [trial] court, *Auger, J.*, granted the defendants' motion on August 23, 2018.

"On October 19, 2018, the defendants filed a notice of their intent to claim that the negligence of the Prinks was a proximate cause of the injuries claimed in the plaintiff's action against the defendants. See General Statutes § 52-102b (c).[7] Specifically, the defendants maintained that, as the owners of the property, the Prinks bore the responsibility for ensuring compliance with any requirements of the [building code], and that the Prinks had failed (1) to schedule an inspection of the pool by the defendants, (2) to obtain a certificate of occupancy for the pool, and (3) to prevent their tenants from using the pool [in the absence of] a certificate of occupancy.

[6] The plaintiff's claim against the Prinks resulted in a settlement and a release agreement.

[7] General Statutes § 52-102b (c) provides in relevant part: "If a defendant claims that the negligence of any person, who was not made a party to the action, was a proximate cause of the plaintiff's injuries or damage and the plaintiff has previously settled or released the plaintiff's claims against such person, then a defendant may cause such person's liability to be apportioned by filing a notice specifically identifying such person by name and last-known address and the fact that the plaintiff's claims against such person have been settled or released. Such notice shall also set forth the factual basis of the defendant's claim that the negligence of such person was a proximate cause of the plaintiff's injuries or damages. No such notice shall be required if such person with whom the plaintiff settled or whom the plaintiff released was previously a party to the action."

The defendants further noted that the plaintiff had rented the property in November, 2014, and that the Prinks knew that four minor children would be living on the property. [In addition], the defendants set forth the instances of the Prinks' negligence, including the failure to notify the town of the [completed] construction of the pool, the failure to seek an inspection, the failure to obtain a certificate of occupancy and the failure to warn the plaintiff of these omissions. Finally, the defendants contended that the Prinks could be liable for a proportionate share of the damages alleged in the [revised] complaint.

"A few days later, the defendants filed an apportionment complaint, pursuant to § 52-102b [a],[8] against Eric Guerin and Merissa Guerin (Guerins), former tenants of the Prinks who occupied the property in 2013 at the time the pool was built. In this one count apportionment complaint, the defendants alleged that the Guerins had prepared and submitted the application for the construction of the aboveground pool to the town. The defendants further claimed that the Guerins specifically were advised that the pool was required to have a self-closing and self-latching gate, that an inspection was necessary at the completion of the construction and that Eric Guerin had submitted an affidavit '[in which]

_____

[8] General Statutes § 52-102b (a) provides: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint. The defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the Superior Court on or before the return date specified in the apportionment complaint. The person upon whom the apportionment complaint is served, hereinafter called the apportionment defendant, shall be a party for all purposes, including all purposes under section 52-572h."

Costanzo *v.* Plainfield

he attested that he would install a [pool alarm].' The defendants alleged that the Guerins failed to notify them that the pool had been constructed and thus that an inspection was needed. The defendants alleged that these actions amounted to negligence and, additionally, the Guerins negligently failed to obtain a certificate of occupancy for the aboveground pool and failed to notify the Prinks that (1) the aboveground pool did not comply with the requirements of the building code, (2) the town and its officials had not been notified of its [completed] construction or the need for an inspection, and (3) there was no certificate of occupancy. In conclusion, the defendants claimed that the Guerins could be liable for a proportionate share of the damages alleged in the plaintiff's complaint.

"On October 22, 2018, the plaintiff filed an objection to the defendants' notice of intent to seek apportionment as to the Prinks. The plaintiff argued that her [revised] complaint set forth a statutory cause of action pursuant to . . . § 52-557n (b) (8) alleging recklessness [or intentional conduct], and that the apportionment statute . . . § 52-572h (o) . . . applied only to claims of negligence. On October 25, 2018, the plaintiff filed a similar objection to the defendants' apportionment complaint directed against the Guerins.

"The court, *Cole-Chu, J.*, held a hearing on November 19, 2018. At the outset, it noted that the objection to the apportionment complaint 'could reasonably be construed as a motion to strike.' In his argument, the plaintiff's counsel stated that he had not pleaded a negligence cause of action in the revised complaint but rather an intentional or reckless tort pursuant to § 52-557n (b) (8), and, as a result, the apportionment statute was inapplicable. He also indicated that the [plaintiff's] complaint was based on the second exception to municipal immunity contained in § 52-557n (b) (8) with respect to property inspections. The defendants' counsel took

Costanzo *v.* Plainfield

the position that the [plaintiff's] complaint alleged negligence and not recklessness; he acknowledged that claims of recklessness are not subject to apportionment.

"On March 19, 2019, the court issued an order sustaining the plaintiff's objection to the defendants' notice of intent to pursue apportionment as to the Prinks. Specifically, it agreed with the plaintiff's contention that [her] complaint did not allege negligence such that the apportionment statute did not apply. The court stated that, '[i]f the defendants are found liable to the [plaintiff] on [the basis of] the revised complaint, it will be for reckless disregard for health [or] safety under all relevant [alleged] circumstances, not for negligence.' . . . In a separate order, the court dismissed the defendants' notice [of intent] to seek apportionment, stating that, in sustaining the plaintiff's objection, it had essentially [concluded] 'that it has no subject matter jurisdiction over the proceedings the defendants attempted . . . to set in motion.'

"The court also sustained the plaintiff's objection to the apportionment complaint filed against the Guerins. It again concluded that the plaintiff had alleged recklessness against the defendants and [therefore that] the apportionment statute was inapplicable. The court also issued a separate order dismissing the apportionment complaint against the Guerins on the basis of the lack of subject matter jurisdiction." (Footnotes in original; footnote omitted.) *Costanzo* v. *Plainfield*, supra, 200 Conn. App. 758–62.

The defendants appealed from the decisions of the trial court to the Appellate Court. On appeal, the defendants claimed that the trial court improperly had precluded them from seeking apportionment because, they claimed, the plaintiff's revised complaint asserted claims under both exceptions to municipal immunity

Costanzo *v.* Plainfield

contained in § 52-557n (b) (8). See id., 762–63. The
defendants further contended that, because the first
exception to municipal immunity contained in § 52-557n
(b) (8) employs a negligence standard, apportionment
was not prohibited pursuant to § 52-572h (o).[9] See
id., 763.

The Appellate Court agreed with the defendants, con-
cluding that "the plaintiff's revised complaint sets forth
allegations that fall within the first exception [in] § 52-
557n (b) (8) and that that exception contains a negli-
gence standard." Id. Accordingly, the Appellate Court
concluded that the trial court improperly "sustain[ed]
the plaintiff's objections to the defendants' efforts to
seek apportionment." Id.

The plaintiff filed a petition for certification to appeal
from the judgment of the Appellate Court, which we
granted, limited to the following issues: (1) "Did the trial
court's order dismissing the defendants' apportionment
complaint constitute a final judgment permitting inter-
locutory appellate review?" And (2) "[i]f the answer to
the first question is in the affirmative, did the Appellate
Court correctly conclude that the trial court had improp-
erly dismissed the defendants' apportionment complaint
because the [plaintiff's] complaint was based in part on
a claim of negligence against the defendants, and, there-
fore, the defendants were entitled, under . . . § 52-
572h, to [file] an apportionment complaint sounding in
negligence against additional parties not named in the

---

[9] General Statutes § 52-572h (o) provides: "Except as provided in subsec-
tion (b) of this section, there shall be no apportionment of liability or
damages between parties liable for negligence and parties liable on any
basis other than negligence including, but not limited to, intentional, wanton
or reckless misconduct, strict liability or liability pursuant to any cause of
action created by statute, except that liability may be apportioned among
parties liable for negligence in any cause of action created by statute based
on negligence including, but not limited to, an action for wrongful death
pursuant to section 52-555 or an action for injuries caused by a motor vehicle
owned by the state pursuant to section 52-556."

Costanzo *v.* Plainfield

[plaintiff's] lawsuit?'' *Costanzo* v. *Plainfield*, 335 Conn. 976, 242 A.3d 104 (2020).

I

The first issue in this appeal is whether the trial court's orders dismissing the defendants' apportionment complaint and notice of intent to seek apportionment constitute a final judgment permitting interlocutory appellate review. We agree with both parties that the orders constitute an appealable final judgment.

We begin by setting forth the applicable standard of review. ''The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law [and, therefore] our review [as to whether the Appellate Court had jurisdiction] is plenary.'' (Internal quotation marks omitted.) *Rockstone Capital, LLC* v. *Sanzo*, 332 Conn. 306, 312– 13, 210 A.3d 554 (2019). ''Because our jurisdiction over appeals . . . is prescribed by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim.'' (Internal quotation marks omitted.) *Halladay* v. *Commissioner of Correction*, 340 Conn. 52, 57, 262 A.3d 823 (2021).

In the present case, the parties agree that the trial court's interlocutory orders sustaining the plaintiff's objections to the defendants' apportionment complaint and notice of intent to seek apportionment are appealable under Practice Book § 61-2. That rule of practice provides that, ''[w]hen judgment has been rendered on an entire complaint . . . such judgment shall constitute a final judgment.'' Practice Book § 61-2. We have explained that, ''[w]hen [the rule set forth in Practice Book § 61-2] applies, there is no need to turn to the alternative, as set forth in [*State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983)], for establishing the finality

Costanzo *v.* Plainfield

of the judgment, even though some aspects of the case remain interlocutory.'' *Saunders* v. *KDFBS, LLC*, 335 Conn. 586, 593, 239 A.3d 1162 (2020).

We agree with the parties that the orders of the trial court sustaining the plaintiff's objections to the defendants' apportionment complaint and notice of intent to seek apportionment resulted in judgment on the defendants' entire apportionment complaint and notice of intent to seek apportionment. Accordingly, we agree that the trial court's dismissal of the defendants' apportionment complaint and notice of intent to seek apportionment constitutes a final judgment for purposes of this appeal.

II

The plaintiff claims that the Appellate Court incorrectly concluded that the trial court should not have sustained the plaintiff's objections to the defendants' apportionment complaint and notice of intent to seek apportionment. Specifically, the plaintiff asserts that the apportionment statute, § 52-572h (o), allows for apportionment in connection with complaints that are based on a statute only if the statute creates a claim that is substantially similar to a common-law negligence claim and does not create additional statutory elements. The plaintiff further asserts that a cause of action under § 52-557n (b) (8) is not subject to apportionment because the two exceptions contained in the statute provide for claims based on either intentional or reckless conduct. The plaintiff argues that her revised complaint alleged claims under both the first and second exceptions contained in § 52-557n (b) (8), but she asserts that neither exception creates a cause of action based on negligence.

In response, the defendants assert that the Appellate Court correctly concluded that the trial court should not have sustained the plaintiff's objections to the

Costanzo *v.* Plainfield

apportionment complaint and notice of intent to seek apportionment because the two exceptions in § 52-557n (b) (8) allow for two types of claims—one that employs a negligence standard and one that employs a reckless- ness standard. Therefore, the defendants assert, to the extent that the plaintiff's revised complaint stated a claim under the negligence standard, it satisfies the requirements of the apportionment statute because it is a "cause of action created by statute based on negli- gence . . . ." General Statutes § 52-572h (o). We agree with the defendants.

We begin by noting the applicable standard of review. The resolution of whether § 52-572h (o) allows for apportionment as to the plaintiff's claims under § 52- 557n (b) (8) presents an issue of statutory construction. "In conducting this analysis, we are guided by the well established principle that [i]ssues of statutory construc- tion raise questions of law, over which we exercise plenary review." (Internal quotation marks omitted.) *LaFrance* v. *Lodmell*, 322 Conn. 828, 833–34, 144 A.3d 373 (2016). "It is well settled that we follow the plain meaning rule in General Statutes § 1-2z in construing statutes to ascertain and give effect to the apparent intent of the legislature." (Internal quotation marks omitted.) *Commission on Human Rights & Opportu- nities* v. *Edge Fitness, LLC*, 342 Conn. 25, 32, 268 A.3d 630 (2022). "In interpreting statutes, words and phrases not otherwise defined by the statutory scheme are con- strued according to their 'commonly approved usage . . . .' General Statutes § 1-1 (a) . . . . In determining the commonly approved usage of the statutory language at issue, we consult dictionary definitions." (Citation omitted.) *Commission on Human Rights & Opportu- nities* v. *Edge Fitness, LLC*, supra, 32.

The language of the apportionment statute, § 52-572h (o), provides in relevant part that "there shall be no apportionment of liability or damages between parties

Costanzo *v.* Plainfield

liable for negligence and parties liable on any basis other than negligence including, but not limited to, intentional, wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute, except that liability may be apportioned among parties liable for negligence in any cause of action created by statute based on negligence including, but not limited to, an action for wrongful death pursuant to section 52-555 or an action for injuries caused by a motor vehicle owned by the state pursuant to section 52-556.''[10]

---

[10] This court previously has explained the history of § 52-572h (o). Specifically, in *Allard* v. *Liberty Oil Equipment Co.*, 253 Conn. 787, 756 A.2d 237 (2000), this court explained that subsection (o) was added to § 52-572h in 1999 through No. 99-69, § 1, of the 1999 Public Acts (P.A. 99-69). See id., 801. This court further explained that "[t]he general effect of P.A. 99-69, § 1 . . . was to make clear that the apportionment principles of § 52-572h do not apply [when] the purported apportionment complaint rests on any basis other than negligence . . . . The legislative history of P.A. 99-69 makes clear that its principal purpose was to overrule legislatively a portion of this court's decision in *Bhinder* v. *Sun Co.*, 246 Conn. 223, 717 A.2d 202 (1998)." (Footnote omitted; internal quotation marks omitted.) *Allard* v. *Liberty Oil Equipment Co.*, supra, 801.

In *Bhinder* v. *Sun Co.*, supra, 246 Conn. 223, this court allowed a defendant in a wrongful death action to apportion its liability to an apportionment defendant whose conduct was wilful and wanton. See id., 225–26, 234. In doing so, this court concluded that, "as a matter of common law, [this court] should extend the policy of apportionment to permit a defendant in a negligence action to cite in as an apportionment defendant a party whose conduct is alleged to be reckless, wilful and wanton." Id., 234.

In amending the apportionment statute, after this court issued its decision in *Bhinder*, to preclude apportionment on any basis other than negligence, the legislature "accomplished three purposes. First, the legislature reaffirmed that, as a matter of statutory interpretation, only negligent persons may be cited in as apportionment defendants pursuant to the statute. . . . Second, the legislature made clear its intent that apportionment principles would not apply [when] the basis of liability of the purported apportionment defendant was based on conduct 'other than negligence,' including but not limited to intentional, wanton or reckless misconduct, strict liability, and liability pursuant to any cause of action created by statute. Thus, in this respect, the legislature made clear its intent to overrule the common-law portion of *Bhinder*. It went beyond the facts of *Bhinder*, however, which had been limited to allegations of common-law intentional, wanton and reckless misconduct. The legislature also included a specific bar to appor-

Costanzo *v.* Plainfield

In resolving the plaintiff's claim, the first question that we must address is whether the plaintiff's complaint is based on a "cause of action created by statute . . . ." General Statutes § 52-572h (o). In interpreting § 52-557n (b) (8), we do not write on a clean slate. This court previously has concluded that § 52-557n (b) (8) affirmatively creates a cause of action against a municipality in two enumerated circumstances. See *Ugrin* v. *Cheshire*, 307 Conn. 364, 378, 379, 54 A.3d 532 (2012) (rejecting claim of town that "§ 52-557n (b) (8) creates no cause of action because it is limited to defining the circumstances in which there is no municipal liability"). In doing so, this court expressly determined that "§ 52-557n (b) (8) abrogates the traditional common-law doctrine of municipal immunity, now codified by statute, in the two enumerated circumstances." Id., 382. This court explained that "the qualifying language in subsection (b) (8), beginning with the word 'unless,' describes two specific circumstances in which a municipality is not shielded from liability." Id., 385. This court further explained: "[I]f the town is not shielded from liability in the inspection context when it has notice of a hazardous condition or has engaged in conduct that constitutes reckless disregard [for] public health [or] safety, the lack of protection must mean that it is subject to liability in those circumstances. Accordingly, we conclude that

tionment principles [when] the apportionment defendant's purported misconduct was based on strict liability or on a statutory cause of action. Third, the legislature made clear its intent that, despite the specific bar to apportionment regarding statutory actions, liability may be apportioned among parties liable for negligence in statutory actions based on negligence, such as wrongful death actions and actions for injuries caused by [state owned] motor vehicles. Thus, the legislature in effect anticipated, and made clear its rejection of, a potential argument that statutory actions should not be considered to be actions 'based on negligence,' which is ordinarily understood to be a common-law, and not a statutory, concept, and also made clear that, [when] the statutory action in question is based on allegations of negligence, apportionment principles would apply." (Emphasis omitted.) *Allard* v. *Liberty Oil Equipment Co.*, supra, 253 Conn. 803–804.

Costanzo *v.* Plainfield

the plaintiffs are not precluded from bringing a cause of action against the town under § 52-557n (b) (8) . . . .'' (Emphasis omitted.) Id., 387. On the basis of this court's conclusion in *Ugrin*, we conclude that the plaintiff's cause of action under § 52-557n (b) (8) is "created by statute" for the purposes of § 52-572h (o). Indeed, the parties do not dispute that the plaintiff's complaint is based on a "cause of action created by statute . . . .'' General Statutes § 52-572h (o). Therefore, the only question we address is whether the cause of action created by § 52-557n (b) (8) is based on negligence.[11]

Section 52-572h (o) does not define the phrase "based on negligence,'' and that phrase is not defined elsewhere in the statutes. Therefore, we turn to the dictionary definition. Black's Law Dictionary defines the term "based on" as "[d]erived from, and therefore similar to . . . .'' Black's Law Dictionary (10th Ed. 2014) p. 180. Black's Law Dictionary defines the term "negligence" as "[t]he failure to exercise the standard of care that a

---

[11] In her brief to this court, the plaintiff asserts that the defendants cannot apportion liability in light of her complaint due to their apportionment complaint not being " 'in relative pari materia' " because the apportionment complaint is based on common-law negligence and the plaintiff's claim under § 52-557n (b) (8) is based on either a statutory recklessness requirement or an intentional disregard of the law. In support of her position, the plaintiff points to *Allard* v. *Liberty Oil Equipment Co.*, 253 Conn. 787, 805–806, 756 A.2d 237 (2000). We disagree.

First, we disagree that the plaintiff's complaint and the defendants' apportionment complaint are not "in relative pari materia . . . .'' Id. As we explained in this opinion, we conclude that the first exception in § 52-557n (b) (8) creates a statutory cause of action based in negligence. Therefore, the plaintiff's complaint and the defendants' apportionment complaint would be "in relative pari materia," at least insofar as the plaintiff alleges a cause of action under the first exception in § 52-557n (b) (8).

Second, in *Allard*, this court concluded that the defendant could not apportion a cause of action based on product liability because such claims are based on strict liability, and the legislature specified that causes of action based on strict liability are not subject to apportionment. See *Allard* v. *Liberty Oil Equipment Co.*, supra, 253 Conn. 803–804; see also General Statutes § 52-572*l*. That conclusion has no applicability to whether a cause of action under the first exception in § 52-557n (b) (8) may be apportioned.

Costanzo *v.* Plainfield

reasonably prudent person would have exercised in a similar situation; any conduct that falls below the legal standard established to protect others against unreasonable risk of harm, except for conduct that is intentionally, wantonly, or [wilfully] disregardful of others' rights.'' Id., p. 1196. Accordingly, we conclude that the phrase ''cause of action created by statute based on negligence'' in § 52-572h (o) means a cause of action that derives from a claim alleging that the defendant failed to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation.

With this understanding of § 52-572h (o), we turn to § 52-557n (b) (8) to determine whether it created a cause of action derived from negligence. Section 52-557n (b) provides in relevant part: ''Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from . . . (8) failure to make an inspection or making an inadequate or negligent inspection of any property, other than property owned or leased by or leased to such political subdivision, to determine whether the property complies with or violates any law or contains a hazard to health or safety, *unless* the political subdivision had notice of such a violation of law or such a hazard or *unless* such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances . . . .'' (Emphasis added.)

In *Ugrin*, this court specified that ''[t]he word 'unless' before each of these two exceptions unmistakably sets them apart from the preceding language that otherwise protects municipalities from liability for failure to make an inspection or for making an inadequate inspection

Costanzo *v.* Plainfield

because it describes conditions under which there is no protection from liability.'' (Emphasis omitted.) *Ugrin* v. *Cheshire*, supra, 307 Conn. 382; see also, e.g., *Williams* v. *Housing Authority*, 327 Conn. 338, 356, 174 A.3d 137 (2017) (''[T]he municipal liability statute carves out two distinct exceptions to municipal immunity for failure to inspect: [1] when a political subdivision has notice of a violation or hazard, and [2] when it demonstrates a reckless disregard for health or safety under all the relevant circumstances. See General Statutes § 52-557n (b) (8).''). Accordingly, there are two distinct claims available under § 52-557n (b) (8)—one that requires notice of a violation or hazard and one that requires a reckless disregard for health or safety.

Bearing in mind that § 52-557n (b) (8) sets forth two distinct exceptions to municipal immunity and that the plaintiff in the present case has alleged alternative claims under each exception, we must determine whether either of the exceptions is ''based on negligence'' for purposes of the apportionment statute. The Appellate Court in the present case opined that ''[t]he second exception set forth in § 52-557n (b) (8) indisputably requires recklessness.'' *Costanzo* v. *Plainfield*, supra, 200 Conn. App. 767. We agree. In fact, none of the parties in this case disputes that § 52-557n (b) (8) clearly requires a plaintiff to prove ''reckless disregard for health or safety'' in order to bring a claim under the second exception.

This court has explained that ''the type of conduct that constitutes reckless disregard for purposes of § 52-557n (b) (8) is more egregious than mere negligence and requires that health and safety inspectors disregard a substantial risk of harm.'' *Williams* v. *Housing Authority*, supra, 327 Conn. 366. Section 52-572h (o) explicitly provides in relevant part that ''there shall be no apportionment of liability or damages between . . . parties liable on any basis other than negligence including, but not limited to . . . reckless misconduct

Costanzo *v.* Plainfield

. . . .'' Accordingly, we agree with the Appellate Court
that the defendants are not entitled to apportionment
for any aspect of the plaintiff's complaint that is based
on the second exception in § 52-557n (b) (8). Neverthe-
less, as we explained, there are two explicit exceptions
to municipal immunity under § 52-557n (b) (8). There-
fore, we must consider whether the first exception is
based on negligence.

As we examine this question, it is helpful to look at
§ 52-557n as a whole. ''As a matter of Connecticut's
common law, the general rule . . . is that a municipal-
ity is immune from liability for negligence unless the
legislature has enacted a statute abrogating that immu-
nity.'' (Internal quotation marks omitted.) *Grady* v.
*Somers*, 294 Conn. 324, 334, 984 A.2d 684 (2009). ''The
tort liability of a municipality has been codified in § 52-
557n.'' (Internal quotation marks omitted.) *Borelli* v.
*Renaldi*, 336 Conn. 1, 11, 243 A.3d 1064 (2020). Section
52-557n (a) (1) provides in relevant part that, ''[e]xcept
as otherwise provided by law, a political subdivision
of the state shall be liable for damages to person or
property caused by: (A) The negligent acts or omissions
of such political subdivision or any employee, officer
or agent thereof acting within the scope of his employ-
ment or official duties . . . .'' ''Section 52-557n (a) (2)
(B) extends, however, the same discretionary act immu-
nity that applies to municipal officials to the municipali-
ties themselves by providing that they will not be liable
for damages caused by negligent acts or omissions
which require the exercise of judgment or discretion
as an official function of the authority expressly or
impliedly granted by law.'' (Internal quotation marks
omitted.) *Borelli* v. *Renaldi*, supra, 11. ''Subsection (b)
[of § 52-557n] . . . should be generally understood to
define various circumstances in which a municipality
is not subject to liability.'' *Ugrin* v. *Cheshire*, supra,
307 Conn. 381. In other words, ''[s]ubsection (a) [of

§ 52-557n] sets forth general principles of municipal liability and immunity, [whereas] subsection (b) sets forth [ten] specific situations in which both municipalities and their officers are immune from tort liability.'' (Internal quotation marks omitted.) *Elliott* v. *Waterbury*, 245 Conn. 385, 395, 715 A.2d 27 (1998).

Thus, § 52-557n, as a whole, is designed to set forth the circumstances in which municipalities and their employees are immune from liability for their negligent acts or omissions and creates certain exceptions to that immunity for some of their negligent acts, omissions and criminal or reckless conduct. See, e.g., *Ugrin* v. *Cheshire*, supra, 307 Conn. 387 (§ 52-557n does not shield municipality from ''liability in the inspection context when it has notice of a hazardous condition or has engaged in conduct that constitutes reckless disregard [for] public health [or] safety, [and therefore] the lack of protection must mean that it is subject to liability in those circumstances'' (emphasis omitted)); *Grady* v. *Somers*, supra, 294 Conn. 335 (§ 52-557n ''permits a tort claimant to bring a direct cause of action in negligence against a municipality'' in some circumstances (internal quotation marks omitted)). Indeed, the fact that § 52-557n is contained in chapter 925 of the General Statutes, which, in turn, contains numerous statutes providing for liability and statutory rights of action for injuries in some circumstances and defenses and immunity from liability in other circumstances, indicates that § 52-557n delineates the circumstances in which municipalities and their employees are immune from liability and the circumstances in which municipalities and their employees are liable, pursuant to an exception.

Returning to the specific provision at issue in the present case, we observe that the first exception contained in § 52-557n (b) (8) imposes liability if a party suffered damages to his or her person or property because the municipality, after having notice of the haz-

Costanzo *v.* Plainfield

ard or a violation of law, "fail[ed] to make an inspection
or ma[de] an inadequate or negligent inspection of any
property . . . ."

Although we acknowledge that the second exception
is based on this same negligent behavior, we emphasize
that it also expressly provides that, in order to be action-
able, the behavior must "[constitute] a reckless disre-
gard for health or safety under all the relevant
circumstances . . . ." General Statutes § 52-557n (b)
(8). As the Appellate Court correctly pointed out, unlike
the second exception in § 52-557n (b) (8), the first
exception contained in that provision "does not contain
any reference to recklessness." [12] *Costanzo* v.
*Plainfield*, supra, 200 Conn. App. 768. We also observe
that the legislature did not include the terms "inten-
tional," "wilful," or "wanton" in the first exception.
Instead, the first exception only requires notice of the
violation or hazard. "[I]t is a well settled principle of
statutory construction that the legislature knows how
to convey its intent expressly . . . or to use broader
or limiting terms when it chooses to do so." (Citation
omitted; internal quotation marks omitted.) *Stafford* v.
*Roadway*, 312 Conn. 184, 194, 93 A.3d 1058 (2014).

Therefore, if the legislature intended the first excep-
tion contained in § 52-557n (b) (8) to require something

[12] The plaintiff asserts that this court's discussion in *Williams* v. *Housing
Authority*, supra, 327 Conn. 366, regarding what constitutes "reckless disre-
gard" demonstrates that claims under § 52-557n (b) (8) may not be based
on negligence and that the statute requires a plaintiff instead to show reckless
disregard. In support of her claim, the plaintiff points to our conclusion in
*Williams* that "the type of conduct that constitutes reckless disregard for
purposes of § 52-557n (b) (8) is more egregious than mere negligence and
requires that health and safety inspectors disregard a substantial risk of
harm." Id. We disagree.

In *Williams*, the only question at issue was what standard applies for a
claim under the second exception in § 52-557n (b) (8), which expressly
requires that a plaintiff show reckless disregard. See id., 354. Therefore, the
conclusion that the second exception requires something "more egregious
than mere negligence"; id., 366; has no applicability to a claim under the
other, distinct exception in § 52-557n (b) (8), which requires notice.

Costanzo *v.* Plainfield

more than mere negligence, it would have conveyed that intent expressly, as it did in the second exception. The fact that the legislature did not use such terms as "intentional," "wanton," or "reckless" in the first exception but did choose to use "reckless" in the second exception indicates that the legislature knew how to express its intent that the claim be one involving more than "[t]he failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation . . . ." Black's Law Dictionary, supra, p. 1196.

Thus, we conclude that the absence of such language in the first exception indicates that the legislature intended for a claim under that exception to be based on the negligence concepts that are at issue in the rest of § 52-557n. See, e.g., *Stratford Police Dept.* v. *Board of Firearms Permit Examiners*, 343 Conn. 62, 64–65, 272 A.3d 639 (2022) (concluding that absence of language that is used in other statutes indicates that legislature intended not to include such requirement). Had the legislature intended for a claim under the first exception to require proof of more than negligence, it could have said so expressly, as it did in the second exception. Accordingly, the plain language of the statute supports the conclusion that a cause of action under the first exception in § 52-557n (b) (8) is a cause of action created by statute based on negligence.

Furthermore, an examination of each of the terms used in the statute regarding an inspection of property by a municipal actor—namely, "failure" to inspect and "inadequate" or "negligent" inspection—also supports the conclusion that the conduct giving rise to a claim under subsection (b) (8) of § 52-557n is based on negligence. First, the term "failure" is defined as "[a]n omission of an expected action, occurrence, or performance." Black's Law Dictionary, supra, p. 713. Second, the term "inadequate" is defined as "insufficient, deficient . . . ."

Costanzo *v.* Plainfield

Webster's Third New International Dictionary (2002) p. 1139. Finally, as we explained previously, "negligence" is defined as "[t]he failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation . . . ." Black's Law Dictionary, supra, p. 1196. Therefore, whether it is a failure to inspect or an inadequate or negligent inspection, the very behavior that gives rise to a claim under § 52-557n (b) (8) is not only explicitly described as negligent behavior, but falls within the definition of negligence. Accordingly, we conclude that the action giving rise to a claim under the first exception in § 52-557n (b) (8) is "based on negligence . . . ." General Statutes § 52-572h (o).

We also disagree with the plaintiff's contention that the requirement of notice in the first exception renders a claim under that exception akin to an intentional tort rather than a negligence based claim. A comparison of the cause of action created in the first exception in § 52-557n (b) (8) to common-law negligence claims that expressly include a notice or knowledge requirement supports the conclusion that a cause of action under the first exception in § 52-557n (b) (8) is a cause of action created by statute based on negligence. It is well established that notice is a common element in a claim for negligence. Cf. 65 C.J.S. Negligence § 45 (2022) ("[i]n order for an act or omission to be negligent, the person charged therewith must generally have, or be reasonably chargeable with, knowledge that it involved danger to another").

For instance, at common law, a negligence action for an injury that an invitee sustains on another's property requires proof of notice but is still a claim deriving from negligence. In such a case, actual notice is necessary to prove that the owner of the premises owed a duty to the plaintiff. To be sure, this court has explained that "[i]t is well established that, in the context of a

Costanzo *v.* Plainfield

negligence action based on a defective condition on the
[defendants'] premises, [t]here could be no breach of
the duty resting [on] the defendants unless they knew
of the defective condition or were chargeable with
notice of it . . . .'' (Internal quotation marks omitted.)
*Riccio* v. *Harbour Village Condominium Assn., Inc.*,
281 Conn. 160, 163, 914 A.2d 529 (2007).

Similarly, in a premises liability action, ''[f]or [a] plain-
tiff to recover for the breach of a duty owed to [him]
as [a business] invitee, it [is] incumbent [on him] to
allege and prove that the defendant either had actual
notice of the presence of the specific unsafe condition
[that] caused [his injury] or constructive notice of it.''
(Internal quotation marks omitted.) *DiPietro* v. *Farm-
ington Sports Arena, LLC*, 306 Conn. 107, 116–17, 49
A.3d 951 (2012); accord *Baptiste* v. *Better Val-U Super-
market, Inc.*, 262 Conn. 135, 140, 811 A.2d 687 (2002).
Thus, we conclude that the legislature's decision to
incorporate a notice requirement, which is also used
in connection with common-law claims of negligence,
in the first exception contained in § 52-557n (b) (8)
supports the conclusion that the legislature intended
to create a cause of action based on negligence. See,
e.g., *Pacific Ins. Co., Ltd.* v. *Champion Steel, LLC*, 323
Conn. 254, 270, 146 A.3d 975 (2016) (''the legislature is
presumed to be aware of the common law when it
enacts statutes'').

Furthermore, this court has explained that, ''in the
tort lexicon . . . intentional conduct and negligent
conduct, although differing only by a matter of degree
. . . are separate and mutually exclusive.'' (Citation
omitted.) *American National Fire Ins. Co.* v. *Schuss*,
221 Conn. 768, 775, 607 A.2d 418 (1992). ''In its most
common usage, intent involves (1) . . . a state of mind
(2) about consequences of an act (or omission) and not
about the act itself, and (3) it extends not only to having
in the mind a purpose (or desire) to bring about given

Costanzo *v.* Plainfield

consequences but also to having in mind a belief (or knowledge) that given consequences are substantially certain to result from the act.'' (Emphasis omitted; internal quotation marks omitted.) Id., 776. ''Negligent conduct, however, is a matter of risk.'' (Internal quotation marks omitted.) Id.

The mere inclusion of the requirement that the plaintiff prove that the municipal actor had notice of the hazard or defect does not raise the municipal actor's conduct to the level of intentional conduct. The statute does not require that the municipal actor who failed to inspect or who conducted a negligent inspection desired that a negative result would occur or believed that the result was substantially certain to occur from the failure to inspect or negligent inspection. Indeed, the plaintiff's revised complaint does not allege such facts. Instead, the first exception in § 52-557n (b) (8) creates a cause of action for a failure or omission by a municipal employee related to the inspection of property that created a sufficiently great risk of danger that would lead a reasonable person in the municipal actor's position to anticipate that risk and to act to guard against it, which is the foundation for a negligence claim. ''In negligence, the actor does not desire to bring about the consequences [that] follow, nor does he know that they are substantially certain to occur, or believe that they will. There is merely the risk of such consequences, sufficiently great to lead a reasonable person in his position to anticipate them, and to guard against them . . . .'' (Internal quotation marks omitted.) Id., 776–77. Accordingly, we conclude that the first exception in § 52-557n (b) (8) is directed at negligent conduct, not intentional conduct.

In her revised complaint, the plaintiff alleges that the defendants are liable under § 52-557n (b) (8), in part because Kerr and Collins had notice of the aboveground pool, notice that it had no self-closing and self-latching

344 Conn. 86 JULY, 2022 113

Costanzo *v.* Plainfield

gate and notice that it did not have a pool alarm. Accordingly, we conclude that the plaintiff alleged, at least in part, a cause of action created by statute based on negligence.[13] Therefore, we agree with the Appellate Court that the trial court improperly sustained the plaintiff's objections to the defendants' apportionment complaint and notice of intent to seek apportionment

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

––––––––––––––––––––––––

[13] Given that we conclude that § 52-572h (o) is applicable to the plaintiff's revised complaint because the plaintiff alleged a cause of action based, in part, on negligence, the defendants could institute an apportionment action pursuant to § 52-102b. See footnotes 7 and 8 of this opinion.